NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**DANNY CHOI,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5111

---

Appeal from the United States Court of Federal Claims in case no. 12-CV-182, Judge Susan G. Braden.

---

**ON MOTION**

---

PER CURIAM.

## ORDER

Danny Choi moves for reconsideration of this court's July 12, 2012 order denying his motion to expedite the appeal. Choi also moves to strike the government's informal brief and appendix. This court considers whether the judgment of the United States Court of Federal Claims should be summarily affirmed.

On March 19, 2012, Mr. Choi filed the underlying complaint in the Court of Federal Claims, naming the United States and the University of California Santa Cruz (UCSC) as defendants. In the complaint, Mr. Choi alleged that as a student at UCSC he experienced several difficulties with the university's faculty and administration. Specifically, Mr. Choi alleged that he has been unjustly graded by some of his professors and that his ability to find employment had been hindered by an error in the university's email system that prevented him from accessing a number of received email messages. As a result of what his complaint characterized as UCSC's "negligence" and "product liability," Mr. Choi sought $141,000 in lost wages and incurred debt.

On June 28, 2012, the Court of Federal Claims dismissed the complaint. The court explained that because its jurisdiction was limited to money-mandating claims against the United States government, the court lacked authority to address a complaint premised entirely on alleged wrongdoing by a state university. Rejecting Mr. Choi's arguments that UCSC was an agent of the United States government because "UCSC is a part of the California State Government and the State is a part of the United States Government," the court explained that the California state and federal government each have their own sovereign immunity and that "California does not act as an agent of the United States when creating, maintaining, and running state-sponsored universities." In addition, the court explained that even presuming the action was brought against the United States government here, the Court of Federal Claims does not have jurisdiction to adjudicate cases sounding in tort.

This appeal followed.

Mr. Choi's informal brief does not present any cogent argument establishing jurisdiction over his complaint in the Court of Federal Claims. The only specific argument that Mr. Choi appears to raise is that the trial court erred because "[c]riminal law should apply." That argument was rejected by this court in *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). There, we explained that the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]" *Id.* at 379. In summarily disposing of the appeal in *Joshua*, we stated that the position of the government in arguing that the Court of Federal Claims lacked jurisdiction was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Id.* at 380. So too here, summary affirmance of the judgment of the Court of Federal Claims in dismissing Mr. Choi's complaint is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Court of Federal Claims is summarily affirmed.

(2) All pending motions are dismissed.

(3) Each side shall bear its own costs.

FOR THE COURT

SEP 20 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 20 2012

JAN HORBALY
CLERK

DANNY CHOI V. US                                              4

cc:  Danny Choi
     Douglas T. Hoffman, Esq.

s25